# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 29, 2024

Lyle W. Cayce
Clerk

_____

No. 21-50574

_____

Charles E. Epley,

*Plaintiff—Appellant*,

*versus*

Samuel B. Itie, *Medical official at Lynaugh*; Roxie Ingram, *Medical official at Lynaugh*; M. Fuentes, *Practice Manager at Lynaugh*; Michelle D. Sellers, *Classification at Lynaugh*; Paul M. Robinson, *Sergeant at Lynaugh*; Heather M. Gonzales, *Sergeant at Lynaugh*; Raul Melero, *Captain at Lynaugh*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CV-34

_____

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam: [*]

Charles Epley spent nearly thirty years incarcerated at various units within the Texas Department of Criminal Justice. Epley alleges that he suffered physical and mental distress over a three-week period, during which

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-50574

he was transferred seven times between several units across the state, including the Lynaugh and Montford units. He sued officials in the Lynaugh Unit under 42 U.S.C. § 1983 for alleged First and Eighth Amendment violations related to the incidents he claims were the source of his injuries. In a series of opinions, the district court granted summary judgment for the defendants on all claims. Epley appeals; we now affirm.

We find that Epley raised no genuine issue of material fact on his Eighth Amendment claims. As to these claims, we summarily affirm the district court.[1]

Epley's First Amendment claim, however, warrants our attention. Epley practices a pre-Christian religion originating in Europe. As part of his suit, Epley claims that Lynaugh supervisor Paul Robinson violated his constitutional right to exercise this religion. TDCJ had previously cleared Epley to acquire and wear a Celtic cross medallion. Epley wore the medallion as a form of religious observance. He alleges that he arrived at Lynaugh with the medallion, that it was taken alongside his other personal items when Epley was sent to an infirmary for medical observation, and that he never saw it again. He believes that Robinson intentionally confiscated the medallion and caused its loss.

---

[1] Epley's suit against the Lynaugh officials, which comes to us from the Western District of Texas, was originally part of a larger suit in the Northern District of Texas against numerous officials in various TDCJ departments and the office of the Texas Attorney General. The Northern District sua sponte severed the claims against the Lynaugh officials and transferred the case to the Western District. In addition to appealing the Western District's summary judgment rulings, Epley attempts to challenge the Northern District's severance and transfer decision. Noting that Epley failed to seek mandamus after the transfer occurred, we decline to consider his arguments. *See, e.g.*, *Def. Distrib. v. Bruck*, 30 F.4th 414, 423, 426 n.13 (5th Cir. 2022).

The magistrate report adopted by the district court concluded that confiscation could not violate the First Amendment.

We disagree with this conclusion. The right to exercise religion does not stop at the prison gate. *See Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). To be sure, this right, as it pertains to inmates, "is subject to reasonable restrictions and limitations necessitated by penological goals." *Id.* It is also true that prisons can sometimes limit the possession of religious items without raising constitutional concerns. *See, e.g.*, *McFaul v. Valenzuela*, 684 F.3d 564 (5th Cir. 2012) (upholding TDCJ policy barring medallions worth more than twenty-five dollars).

But no decisionmaker may act based on religious animus. *See, e.g.*, *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021); *see also Masterpiece Cakeshop, Ltd. v. Colo. C.R. Comm'n*, 584 U.S. 617, 636 (2018). This is as true for prison officials as it is for other civil servants. *See Jackson v. Godwin*, 400 F.2d 529, 533–35 (5th Cir. 1968) (noting that "courts will not shrink from scrutinizing administrative actions" "in the area of arbitrary official action in the administration of prisons which involves the constitutional rights of inmates to . . . enjoy the 'preferred' freedoms of the First Amendment," including "freedom of religion."). When a prison official deprives an inmate of a religious item because of hostility toward the inmate's religion, the deprivation is not reasonable.

Epley forfeited his right to argue deprivation with religious hostility, however. He does not accuse Robinson of religious hostility in either his pro se or counseled opening briefs on appeal. Nor do his legal arguments implicate the intent of policy enforcers. Not until Epley's counseled reply brief is it intimated that Robinson possessed animus toward Epley's religious exercise.

No. 21-50574

Parties cannot wait until the other side can no longer brief a response to raise important issues. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("This Court will not consider a claim raised for the first time in a reply brief."). The failure to timely assert these issues results in them being forfeited. *See Rollins v. Home Depot*, 8 F.4th 393, 397 (5th Cir. 2021) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

Because Epley forfeited his right to raise the important issue of religious hostility, we affirm the decision of the district court.